Andrew K. Glenn, Esq.
Jed I. Bergman, Esq.
Richard Ramirez, Esq.
Malak S. Doss, Esq.
**GLENN AGRE BERGMAN & FUENTES LLP**
1185 Avenue of the Americas
22nd Floor
New York, New York 10036
Telephone: (212) 970-1600

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Virginia Park 1, LLC, | Case No. 25-11308 (MG) |
| Debtor. | |
| Tax I.D. No. 30-1210280 | |
| In re: | Chapter 11 |
| Virginia Park 2, LLC, | Case No. 25-11309 (MG) |
| Debtor. | |
| Tax I.D. No. 85-2122898 | |
| In re: | Chapter 11 |
| Herman Kiefer Development, LLC, | Case No. 25-11310 (MG) |
| Debtor. | |
| Tax I.D. No. 38-4067049 | |

**DEBTORS' MOTION FOR ENTRY
OF AN ORDER (A) DIRECTING JOINT ADMINISTRATION
OF THE CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

**Relief Requested**[1]

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) directing procedural consolidation and joint administration of the above-captioned cases (collectively, the "Chapter 11 Cases") and (b) granting related relief. Specifically, the Debtors request that the United States Bankruptcy Court for the Southern District of New York (the "Court") maintain one file and one docket for all of the jointly administered cases under the case of Virginia Park 1, LLC, and that the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Virginia Park 1, LLC, *et al.*, | Case No. 25-11308 (MG) |
| Debtors.[1] | |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Virginia Park 1, LLC (0280); Virginia Park 2, LLC (2898); Herman Kiefer Development, LLC (7049). The address of the Debtors' corporate headquarters is 165 East Broadway, 3rd Floor, New York, NY 10002.

[1] A description of the Debtors' businesses, the reasons for commencing these Chapter 11 Cases, the relief sought from the Court to allow for a smooth restructuring, and the facts and circumstances supporting this Motion are set forth in the *Declaration of Ronald Castellano in Support of the Debtors' Chapter 11 Petitions* (the "First Day Declaration"), filed contemporaneously herewith.

2

2. The Debtors further request that the Court order that the foregoing caption satisfies the requirements set forth in Section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

3. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases other than the case of Virginia Park 1, LLC:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the Chapter 11 cases of: Virginia Park 1, LLC, Case No. 25-11308 (MG); Virginia Park 2, LLC, Case No. 11309 (MG); and Herman Kiefer Development, LLC, Case No. 11310 (MG). All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 25-11308 (MG).

4. The Debtors also seek authority to fulfill their monthly operating report requirements required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), in accordance with the applicable Instructions for UST Form 11-MOR: Monthly Operating Report.

**Jurisdiction and Venue**

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

6. The legal predicates for the relief requested herein are Section 105(a) of the Bankruptcy Code, Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

3

**Background**

7.     On June 10, 2025 (the "Petition Date", each Debtor commenced a case by filing a petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed in the Chapter 11 Cases.

**Basis for Relief**

8.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtors are "affiliates" as that term is defined in Section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

9.     Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

10.    Joint administration is generally non-controversial and routinely approved by this Court under similar circumstances. *See, e.g.*, *In re 271 West 11th St. LLC*, No. 25-10130 (DSJ) (Bankr. S.D.N.Y. Mar. 12, 2025) [ECF No. 17]; *In re Glosslab LLC*, No. 24-12399 (MEW) (S.D.N.Y. Dec. 31, 2024) [ECF No. 13]; *In re Spirit Airlines, Inc*, No. 24-11988 (SHL) (S.D.N.Y. Nov. 27, 2024) [ECF No. 121]; *In re 2U, Inc.*, No. 24-11279 (MEW) (Bankr. S.D.N.Y. July 25, 2024) [ECF No. 23]; *In re Weiss Multi-Strategy Advisers (LLC)*, No. 24-10743 (MG) (Bankr. S.D.N.Y. May 29, 2024) [ECF No. 51]; *In re Acorda Therapeutics, Inc.*, No. 24-22284 (DSJ)

4

(Bankr. S.D.N.Y. Apr. 4, 2024) [ECF No. 38]; *In re GOL Linhas Aéreas Inteligentes S.A.*, No. 24-10118 (MG) (Bankr. S.D.N.Y. Jan. 29, 2024) [ECF No. 58]. The Debtors submit that the circumstances described herein warrant similar relief.

11. Given the integrated nature of the Debtors' operations, joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these Chapter 11 Cases will affect each and every Debtor entity. The entry of an order directing joint administration of these Chapter 11 Cases will reduce fees and costs by avoiding duplicative filings and objections in each Debtor's Chapter 11 Case. Joint administration will also allow the U.S. Trustee and all parties in interest to monitor these Chapter 11 Cases with greater ease and efficiency by allowing such parties to focus on one case docket.

12. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases. Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Motion Practice

13. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

5

**Notice**

14.  The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors, to the extent applicable; (c) the Office of the United States Attorney for the Southern District of New York; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

15.  No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

| | |
|---|---|
| New York, New York<br>Dated: June 12, 2025 | */s/ Andrew K. Glenn*<br>Andrew K. Glenn, Esq.<br>Jed I. Bergman, Esq.<br>Richard Ramirez, Esq.<br>Malak S. Doss, Esq.<br>**GLENN AGRE BERGMAN & FUENTES, LLP**<br>1185 Avenue of the Americas<br>22nd Floor<br>New York, New York 10036<br>Telephone: (212) 970-1600<br>aglenn@glennagre.com<br>jbergman@glennagre.com<br>rramirez@glennagre.com<br>mdoss@glennagre.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Virginia Park 1, LLC, | Case No. 25-11308 (MG) |
| Debtor. | |
| Tax I.D. No. 30-1210280 | |
| In re: | Chapter 11 |
| Virginia Park 2, LLC, | Case No. 25-11309 (MG) |
| Debtor. | |
| Tax I.D. No. 85-2122898 | |
| In re: | Chapter 11 |
| Herman Kiefer Development, LLC, | Case No. 25-11310 (MG) |
| Debtor. | |
| Tax I.D. No. 38-4067049 | |

**ORDER (A) DIRECTING JOINT ADMINISTRATION**
**OF THE CHAPTER 11 CASES AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) directing the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from*

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

*the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having the power to enter a final order consistent with Article III of the Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court, if any (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing (if any) establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 25-11308 (MG).

3. The caption of the jointly administered cases should read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| Virginia Park 1, LLC, *et al.*, | ) Case No. 25-11308 (MG) |
| Debtors.[1] | ) |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Virginia Park 1, LLC (0280); Virginia Park 2, LLC (2898); Herman Kiefer Development, LLC (7049). The address of the Debtors' corporate headquarters is 165 East Broadway, 3rd Floor, New York, NY 10002.

2

4. The foregoing caption satisfies the requirements set forth in Section 342(c)(1) of the Bankruptcy Code.

5. A docket entry, substantially similar to the following, shall be entered on the docket of each of the Debtors other than Virginia Park 1, LLC to reflect the joint administration of these Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the Chapter 11 cases of: Virginia Park 1, LLC, Case No. 25-11308 (MG); Virginia Park 2, LLC, Case No. 11309 (MG); and Herman Kiefer Development, LLC, Case No. 11310 (MG). All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 25-11308 (MG).

6. One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the Clerk of the Court with the assistance of the Debtors' retained professionals.

7. The Debtors shall file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the U.S. Trustee, in accordance with the applicable Instructions for UST Form 11-MOR: Monthly Operating Report and Supporting Documentation.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9. Nothing contained in this Order shall be deemed or construed as conferring standing on any party in interest in any Debtor's Chapter 11 Case to appear in any other Debtor's Chapter 11 Case absent any such right under Section 1109 of the Bankruptcy Code.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

11. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2025

                                        MARTIN GLENN
                            Chief United States Bankruptcy Judge